UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 15-200-WOB

ELIKIM SHABAZZ                                                          PETITIONER

V.

CAMPBELL COUNTY DETENTION CENTER                  RESPONDENT

**REPORT AND RECOMMENDATION**

Proceeding pro se, Petitioner Elikim Shabazz, who was then a pretrial detainee at the Campbell County Detention Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 24, 2015. Doc. 1.  The petition, which is not a model of clarity, raises issues involving alleged improprieties in petitioner's purportedly pending state criminal case, such as an allegedly excessive bond and an improper denial of petitioner's right to self-representation.

On December 1, 2015, the Court issued an order requiring petitioner to pay the $5 filing fee and directing the Clerk of Court to modify the docket to reflect the petitioner's name as Elikim Shabazz, not King-Elikim-Najashi Shabazz-el-Bey, the name by which he referred to himself in the petition. Doc. 3.  Petitioner filed objections and amended objections to the Court's routine order.  Docs. 6, 7.  Those objections mainly seemed to involve petitioner's disagreement with the Court's instructions to the Clerk regarding petitioner's name.  Petitioner also filed requests for a probable cause hearing and request for findings of fact, along with a curious objection to this Court's jurisdiction.  Docs. 9, 10, 11.

On December 21, 2015—the same date petitioner filed his jurisdictional objection—petitioner file a notice of appeal.  Doc. 12.  The notice of appeal confusingly provides in relevant

1

part that petitioner is appealing "unresolved issues outside the purview of lower [courts?] and fully within jurisdiction of this court, namely probable cause and Faretta hearing issues." *Id.* On December 29, 2015, this Court issued an order denying as premature petitioner's objections and request for a probable cause hearing. Doc. 15.

On January 19, 2016, petitioner filed a notice of change of address, reflecting an address in Cincinnati, Ohio. Doc. 16. On February 3, 2016, the presiding district judge issued an order referring the matter to the undersigned "to conduct further proceedings and the preliminary screening required by 28 U.S.C. § 2243." Doc. 17.

Because of uncertainty regarding the status of petitioner's state court case due to his no longer being housed at the Campbell County Detention center, the Court issued an order on February 8, 2016 requiring petitioner to file a status report by February 29, 2016 "indicating the current status of the state criminal charge(s) underlying his habeas petition (e.g., petitioner was acquitted/convicted/is on bond awaiting trial) . . . ." Doc. 19, p. 3. The order explicitly warned that "**[i]f petitioner fails to comply timely and fully with this order, the Court will recommend that this action be dismissed**[.]" *Id.* at p. 4 (emphasis original). On February 10, 2016 the Sixth Circuit dismissed petitioner's appeal. Doc. 20. Petitioner did not file a status report and the time for doing so has expired.

"Fed.R.Civ.P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Petitioner's pro se status does not eliminate the Court's right to sua sponte dismiss this action for his failure to comply with the Court's straightforward order. *Id.* Despite being warned that dismissal was likely if he failed to file timely the status report, petitioner took no discernible action in response to the Court's

February 8, 2016 order. Petitioner's silence is prima facie evidence of bad faith/recklessness/indifference to the timely resolution of this action. Accordingly, this case should be dismissed.

The lack of a status report is also prejudicial to the Court's determination of whether petitioner is even eligible for §2241 relief. The lack of a status report following up on the change of address means that it is unclear what the current posture of petitioner's state court criminal charges are—a crucial element in determining whether §2241 relief is viable. For example, if petitioner has been convicted of the state court charges and given a sentence of probation (which would explain his change of address to a location in Ohio instead of a Kentucky correctional facility) then he is not eligible for §2241 relief and, instead, would have to seek habeas relief pursuant to 28 U.S.C. §2254 (after satisfying the antecedent procedural requirements). It is also possible that petitioner was acquitted of the state court charges, in which case he would not be "in custody," and thus ineligible to seek §2241 relief. *See, e.g., Maleng v. Cook,* 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3) (emphasis added) . . . .") (quotation marks omitted).

Finally, even if petitioner is somehow procedurally eligible for §2241 relief, the contents of his petition do not set forth cognizable claims for such relief. There are only two generally recognized claims available to state pretrial detainees in a §2241 proceeding—denial of the right to a speedy trial and double jeopardy-based allegations. *See, e.g., Lowe v. Prindle*, 2014 WL3695386, at *3-4 (E.D. Ky. July 24, 2014) (holding that "petitions for pretrial habeas relief

3

are typically denied. There are two generally-recognized exceptions to this rule. First, a claim that the state prosecution violates the Double Jeopardy Clause may be considered notwithstanding the abstention principles set forth in *Younger v. Harris,* 401 U.S. 37 (1971). Second, a claim that petitioner's right to a speedy trial is being violated may be considered, but only if (1) the petitioner has exhausted his state court remedies, and (2) the petitioner requests an order compelling the state to grant him a speedy trial, rather than seeks dismissal of the state charges against him.") (paragraph break and citations omitted). Though petitioner's §2241 petition is exceedingly difficult to understand with complete precision, the Court does not construe it as cognizably raising either such claim.

For the foregoing reasons,

Accordingly,

**IT IS RECOMMENDED:**

Petitioner's 28 U.S.C. §2241 petition should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond

to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 2nd day of March, 2016.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge